UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

L K,

        Plaintiff,

    v.

UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, et al.,

        Defendants.

Case No. 24-cv-00675-LJC

**ORDER RE: MOTION FOR LEAVE TO PROCEED ANONYMOUSLY**

Re: ECF No. 3

On February 5, 2024, Plaintiff L.K. filed his Complaint seeking, *inter alia*, a writ of mandamus compelling Defendants to schedule an asylum interview and make a determination on Plaintiff's asylum application without further delay. ECF No. 1 (Compl.) ¶¶ 72–78. Plaintiff concurrently filed a Motion for Leave to Proceed Anonymously. ECF No. 3. Defendants have not responded to the motion, nor have they appeared in this matter.

"The normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042 (9th Cir. 2010); *see also* Fed. R. Civ. P. 10(a) (stating that "title of the complaint must name all the parties.") Although the Ninth Circuit recognizes that the "use of fictitious names runs afoul of the public's common law right of access to judicial proceedings," it has "permitted parties to proceed anonymously when special circumstances justify secrecy." *Does I through XXIII v. Advanced Textile*, 214 F.3d 1058, 1067-68 (9th Cir. 2000). Parties are allowed to use pseudonyms "in the unusual case when nondisclosure of the party's identity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment." *Id.* at 1067–68 (alterations adopted and quotations omitted). Specifically, "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and

the public's interest in knowing the party's identity." *Id.* at 1068. "Applying this balancing test, courts [in other districts and circuits] have permitted [parties] to use pseudonyms" in certain specific situations, for example, "when identification creates a risk of retaliatory physical or mental harm…" *Id.*

Here, Plaintiff bases his motion on the risk to his safety, as a member of the Kurdish minority, from public disclosure of his application for asylum if he is forced to return to Turkey. ECF No. 3 at 2–3. Plaintiff also argues that there is a risk to his family, who continue to reside in Turkey, and who may be targeted because of their connection to him. *Id.* Plaintiff's "fears here appear reasonable." *N.A. v. Jaddou*, No. 23-CV-01634-AJB-BGS, 2023 WL 6238007, at *1 (S.D. Cal. Sept. 25, 2023) (granting motion to proceed anonymously where the plaintiff and his family, who were members of the Shi'ite minority in Pakistan, were at risk of harm "if their participation in the instant case [became] known to the Pakistani Taliban.")

However, based on the record before it, the Court cannot conclusively determine whether allowing Plaintiff to proceed anonymously would prejudice Defendants, or whether the public interest requires disclosure of Plaintiff's true identity. First, Plaintiff says that his counsel has "disclosed to Defendants Plaintiff's identity and the filing receipt number for his asylum application," and thus, "there will be no prejudice to Defendants if Plaintiff proceeds anonymously." ECF No. 3 at 3. But Plaintiff has not filed anything to corroborate his claim that Defendants have already been informed of his identity, and more specifically, that he is the one bringing this lawsuit against them. *See* Civ. L.R. 7-5 ("Factual contentions made in support of . . . any motion must be supported by an affidavit or declaration and by appropriate references to the record.") Plaintiff filed the Complaint only with his initials, meaning that even if he files proof of service indicating they have been served with summons and a copy of the Complaint, that will not establish that Defendants "already know[] who has sued [them]." *Doe v. Lee*, No. C 13-04029 LB, 2014 WL 630936, at *3 (N.D. Cal. Feb. 18, 2014) (finding no prejudice to the defendant in allowing the plaintiff to proceed pseudonymously where the plaintiff "initially filed her [c]omplaint under her true name in the public record, and she served the [d]efendant with a copy of it.") In addition, unlike the plaintiff in *N.A.*, who did "not seek to conceal his identity from

2

Defendants *or* the Court," the fact that the Complaint is filed only with Plaintiff's initials means that the Court is unaware of who Plaintiff is. 2023 WL 6238007, at *1 (emphasis added). Without knowing Plaintiff's identity, the Court cannot make the determination as to whether his "name and identity…affect the resolution of the legal claims in [] this case," such that the public interest would require disclosure of his identity. *Id.*

The Court will defer ruling on the Motion for Leave to Proceed Anonymously. No later than fourteen days from the date of this Order, Plaintiff shall file evidentiary support establishing that Defendants have been informed of his true identity, and he shall also disclose his true identity to the Court. Plaintiff can file his documents with an accompanying motion to seal pursuant to Local Rule 79-5. Instructions for e-filing under seal in Civil Cases are available at https://www.cand.uscourts.gov/cases-e-filing/cm-ecf/e-filing-my-documents/e-filing-under-seal/.

**IT IS SO ORDERED.**

Dated: February 20, 2024

LISA J. CISNEROS
United States Magistrate Judge

3