UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L. K.,<br><br>        Plaintiff,<br><br>   v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, et al.,<br><br>        Defendants. | Case No.  24-cv-00675-LJC<br><br>**ORDER GRANTING MOTIONS FOR LEAVE TO PROCEED ANONYMOUSLY AND ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: ECF Nos. 3, 8, 9 |

On February 5, 2024, Plaintiff filed his original Motion for Leave to Proceed Anonymously (Motion). ECF No. 5. On February 20, 2024, the Court issued an order deferring ruling on the Motion. ECF No. 7. Although the Court found Plaintiff's fears to be reasonable, it could not conclusively determine whether Defendants would be prejudiced, or whether the public interest required disclosure of Plaintiff's identity. *Id.* at 2. Plaintiff was given fourteen days to file evidentiary support in support of his contention that Defendants had already been informed of his identity, and to file documentation revealing his identity to the Court. *Id.* at 3.

On March 5, 2024, Plaintiff filed an Amended Motion to Proceed Anonymously (Amended Motion). ECF No. 9. A declaration from counsel filed in support of the Amended Motion attached two exhibits. ECF No. 9-1. Exhibit 1 is a copy of the letter accompanying Plaintiff's service of summons and the Complaint to Defendants, which disclosed Plaintiff's full name and alien number. *Id.* ¶ 2. Exhibit 2 is a copy of a receipt notice issued by Defendant United States Citizenship and Immigration Services (USCIS) in connection with Plaintiff's asylum application. *Id.* ¶ 3. Concurrently with the Amended Motion, Plaintiff filed an Administrative Motion to File Under Seal (Motion to Seal). ECF No. 8. Plaintiff seeks to seal portions of the Amended Motion and Exhibit 1 that disclose his name and alien number. *Id.* He seeks to file

1    Exhibit 2 under seal in its entirety.  *Id.*

2    Pursuant to the Ninth Circuit's balancing test in *Does I through XXIII v. Advanced Textile*,
3    214 F.3d 1058 (9th Cir. 2000), the Court now finds that Plaintiff's "need for anonymity outweighs
4    [any] prejudice" to Defendants as well as "the public's interest in knowing" Plaintiff's identity.
5    *Id.* at 1067–68.  Plaintiff's need for anonymity is based on the risk to his safety, as a member of
6    the Kurdish minority, from public disclosure of his application for asylum if he is forced to return
7    to Turkey.  ECF No. 3 at 2–3.  Plaintiff contends that there is also a risk to his family, who
8    continue to reside in Turkey, and who may be targeted because of their connection to him.  *Id.*
9    This weighs heavily in favor of anonymity.  *See N.A. v. Jaddou*, No. 23-CV-01634-AJB-BGS,
10   2023 WL 6238007, at *1 (S.D. Cal. Sept. 25, 2023) (granting motion to proceed anonymously
11   where the plaintiff and his family, who were members of the Shi'ite minority in Pakistan, were at
12   risk of harm "if their participation in the instant case [became] known to the Pakistani Taliban.")

13   The Court also believes Defendants will suffer no prejudice from Plaintiff proceeding
14   anonymously.  Although Defendants have not yet appeared in this action, and therefore have not
15   had the opportunity to oppose either the Motion or the Amended Motion, Plaintiff disclosed his
16   full name and alien number to Defendants in connection with his service of summons and the
17   Complaint for this litigation.  ECF No. 9-3.  Defendants thus have all the information they need to
18   easily access Plaintiff's full immigration case file and adequately prepare their defense.
19   Moreover, as Plaintiff points out, federal regulations which are applicable to Defendants generally
20   prohibit disclosure of information contained in asylum applications without consent from the
21   applicants.  ECF No. 9 at 4 (citing 8 C.F.R. § 208.6).  Defendant USCIS has previously published
22   materials regarding these regulations, where the agency acknowledged that "[p]ublic disclosure of
23   asylum-related information may subject the claimant to retalitatory measures by government
24   authorities or non-state actors in the event that the claimant is repatriated, or endanger the security
25   of the claimant's family members who may still be residing in the country of origin."  *Id.* (quoting
26   USCIS Asylum Division, *Fact Sheet: Federal Regulation protecting the Confidentiality of Asylum*
27   *Applicants*, at 2 (Oct. 18, 2012), available at
28   https://www.uscis.gov/sites/default/files/document/fact-

sheets/Updated_Fact_Sheet_on_Confidentiality_10_18_12.pdf). Based on this information, the Court does not perceive any "indication of unfairness" to Defendants if Plaintiff is allowed to proceed anonymously in these circumstances. *Doe v. Roblox Corp.*, 602 F. Supp. 3d 1243, 1251 (N.D. Cal. 2022) (permitting plaintiff to proceed pseudonymously despite the plaintiff's failure to file a motion which would have allowed defendant to object on the record).

Finally, the Court finds that the "public's interest in Plaintiff's identity, as opposed to [his] allegations, is low," and that allowing Plaintiff to continue the litigation anonymously "still provides the public with continued access to the legal issues and the court's resolution of those issues." *See Doe v. Lee*, No. C 13-04029 LB, 2014 WL 630936, at *3 (N.D. Cal. Feb. 18, 2014).

For the reasons detailed above, the Court hereby **GRANTS** Plaintiff's Motion, Amended Motion, and Motion to Seal. Plaintiff may proceed in this action under the initials "L.K." In all future filings by the parties, as well as orders or opinions issued by this Court, Plaintiff shall be referred to solely as "Plaintiff" or "L.K.," or by some other manner that avoids referencing his name. Any documents filed on the case docket which contain references to Plaintiff's name shall have such references redacted. Notwithstanding the above, when Defendants appear, they may bring a motion for reconsideration of this ruling, if there is evidence of prejudice that they wish the Court to consider.

**IT IS SO ORDERED.**

Dated: March 14, 2024

LISA J. CISNEROS
United States Magistrate Judge

3